UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN D. BLANKENSHIP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 22-cv-40058-ADB |
| v. | * | |
| | * | |
| DOLLAR GENERAL CORPORATION, | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS**

BURROUGHS, D.J.

Shawn Blankenship ("Plaintiff"), proceeding *pro se*, initiated this action on May 31, 2022, which, liberally construed, alleges counts of defamation and intentional infliction of emotional distress against Dollar General Corporation ("Defendant")[1], based on what Plaintiff describes as a "continuous pattern of harassment." [ECF No. 1-1 ¶ 6; ECF No. 13 ¶ 2].

On August 22, 2022, Defendant moved to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, to convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and then find in its favor. [ECF No. 9]. Defendant also moved for attorney's fees and costs. [Id. at 11–12]. Plaintiff responded with an affidavit opposing the motion on September 20, 2022. [ECF No. 13].

---

[1] The proper name for Defendant is DG Retail, LLC, as it is registered with the Commonwealth of Massachusetts. [ECF No. 9 at 1 n.1].

For the reasons set forth below, Defendant's motion to dismiss, [ECF No. 9], is

<u>GRANTED</u>.  The alternative motion for summary judgment is now moot and the motion for

costs and attorney's fees is <u>DENIED</u>.

## I.     BACKGROUND

The following relevant facts are alleged in Plaintiff's complaint, and the documents

attached thereto, and are taken as true for the purpose of resolving Defendant's motion.  <u>Ruivo v.

Wells Fargo Bank, N.A.</u>, 766 F.3d 87, 90 (1st Cir. 2014).

Plaintiff alleges that his claims arise as a result of the following four incidents, which

occurred between December 20, 2018 and August 20, 2019.  [ECF No. 1-1].  First, on December

20, 2018, Jeremy Rines ("Rines"), an employee of Defendant's store in North Brookfield,

Massachusetts (the "Store") called the North Brookfield Police Department ("NBPD") to

complain of harassment and shoplifting by Plaintiff and his two children.[2]  [<u>Id.</u> ¶ 1].  According

to Plaintiff, NBPD's investigation proved "inconclusive."  [<u>Id.</u>].  Other employees reported to

Rines that Plaintiff and his family were shoplifters, but Rines "failed to provide any witnesses or

names."  [<u>Id.</u>].

Second, on April 13, 2019, the manager of the Store, John Foyle ("Foyle"), filed a report

with the NBPD alleging that Plaintiff (and his two children) were filming in the parking lot of

the Store.  [ECF No. 1-1 ¶ 2].

Third, Foyle called the NBPD on June 1, 2019 to report that Plaintiff "[was] in violation

of a disturbance for riding bicycles peacefully in the area of the [Store] and falsely assert[ed] that

[there was] a no contact order with Jeremy Rines[.]"  [ECF No. 1-1 ¶ 3].

---

[2] Plaintiff's children were initially named as additional plaintiffs in this case, but were dismissed
as Plaintiff could not represent them *pro se*.  <u>See</u> [ECF No. 4].

Fourth and finally, on August 20, 2019, Foyle again called the NBPD to report that Plaintiff was filming within the Store, [ECF No. 1-1 ¶ 4], and another employee also contacted the NBPD that same day to report that Plaintiff had called the Store asking for the manager and saying that he "wanted to make a complaint on this employee for filming his family and being rude to" them.  [Id. ¶ 5].

## II.      LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)).  This pleading standard requires "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

When evaluating the sufficiency of a complaint, the Court "first must 'distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'"  Cardigan Mountain Sch., 787 F.3d at 84 (quoting García–Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013)) (further internal quotations and citation omitted).  "Second, the court must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged."  García–Catalán, 734 F.3d at 103 (internal quotations and citation omitted).  In conducting this analysis, the Court must accept all well-pled facts as true and analyze those facts

in the light most favorable to the plaintiff's theory, drawing all reasonable inferences in favor of the plaintiff.  U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).

In this case, the Court construes the complaint liberally because it was filed *pro se*.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "However, pro se status does not insulate a party from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim.  Muller v. Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

## III.    DISCUSSION

Defendant argues that Plaintiff has not pled facts sufficient to state claims for defamation and intentional infliction of emotional distress, and additionally that the claims are partly time-barred.  See generally [ECF No. 9].

### A.    Defamation

Plaintiff asserts that he was defamed by the statements made by Defendant's employees to police about him.  See generally [ECF No. 1-1].

To state a claim for defamation under Massachusetts law, Plaintiff must allege:

(1) that "[t]he defendant made a statement, concerning the plaintiff, to a third party"; (2) that the statement was defamatory such that it "could damage the plaintiff's reputation in the community"; (3) that "[t]he defendant was at fault in making the statement"; and (4) that "[t]he statement either caused the plaintiff economic loss . . . or is actionable without proof of economic loss."

Shay v. Walters, 702 F.3d 76, 81 (1st Cir. 2012) (alterations in original) (quoting Ravnikar v. Bogojavlensky, 782 N.E.2d 508, 510–11 (Mass. 2003)).

Here, Plaintiff alleges that he has been "embarrassed, and shunned by others as a result" of the statements, but does not allege that he has been harmed economically.  [ECF No. 1-1 ¶ 6]. "Four types of statements are actionable without proof of economic loss: statements that constitute libel; statements that charge the plaintiff with a crime; statements that allege that the plaintiff has certain diseases; and statements that may prejudice the plaintiff's profession or business . . . ."  Ravnikar, 782 N.E.2d at 511 (citations omitted).

As best as the Court can understand it, Plaintiff argues that Defendant's employees made various defamatory statements to the NBPD that alleged that Plaintiff, and his family, had committed crimes.  [ECF No. 13 ¶ 3] ("The false statements of harassment by the [Defendant], the alleged stay away order . . . being called shoplifters, creating a disturbance for riding bikes past the establishment, etc are all false, exaggerated[,] and frivolous.").  Defendant responds that the facts alleged in the complaint are insufficient to sustain allegations of defamatory statements that charge Plaintiff with a crime, [ECF No. 9 at 6], and further that defamation claims arising out of the December 20, 2018 and the April 13, 2019 statements to the NBPD are time-barred by the applicable statute of limitations, Mass. Gen. Laws. ch. 260, § 4, [id. at 2].

Under Massachusetts law, words imputing a crime are defamatory *per se*.  Ball v. Wal-Mart, Inc., 102 F. Supp. 2d 44, 49 (D. Mass. 2000).  The statement need not allege the crime with specificity to be defamatory *per se* and even statements that do not explicitly mention a crime can be defamatory *per se* through context.  Id. at 49–50.

Plaintiff, however, does not allege that Defendant's employees made any statements to police on June 1, 2019 or on August 20, 2019 that charge him with a crime.  Statements to the effect that Plaintiff was filming in the Store, asking to make complaints against the Store's employees, and riding bikes in the area of the Store do not claim that Plaintiff committed any

crimes.  Further, Plaintiff does not assert that Foyle falsely told police that Plaintiff had violated

a no-contact order, only that he told police, among other things, that such an order existed.  See

[ECF No. 1-1 ¶ 3].  Referencing the existence of a no-contact order falls short of charging the

commission of a crime, particularly where the Plaintiff denies the existence of such an order.

[Id.].  Thus, even when viewed in the light most favorable to him, Plaintiff has not alleged that

Defendant's employees made any defamatory statements to NBPD about him on those dates.

Finally, Plaintiff's claims based on the statements made to NBPD on December 18, 2018

and April 13, 2019 are indeed barred by the three-year statute of limitations for defamation

claims.  Mass. Gen. Laws ch. 260, § 4.  Plaintiff's complaint was not filed until May 31, 2022.

Plaintiff even stipulates as much, but contends that these statements still provide the factual basis

for defamation because the statements that followed were "an extension of these events in a

continuous pattern of harassment and retaliation . . . ."  [ECF No. 13 ¶ 2].  The continuing nature

of a wrong may keep alive a cause of action, but this exception does not apply to discrete acts.

See Diviacchi v. Affinion Grp., Inc., No. 14-cv-10283, 2015 WL 3631605, at *14 (D. Mass.

Mar. 11, 2015).  In the instant action, each phone call and statement to the NBPD discussed in

the complaint represents a discrete action upon which a defamation claim may be brought and

thus cannot be saved by the continuing action doctrine.

Accordingly, the motion to dismiss the defamation claims shall be granted.

**B.      Intentional Infliction of Emotional Distress**

Plaintiff does not defend his intentional infliction of emotional distress claim in his

response to Defendant's motion, see [ECF No. 13], so the Court may assume that he has

abandoned this claim.  Nevertheless, in the interest of a complete record, the Court addresses

whether his claim would survive a 12(b)(6) motion.  Under Massachusetts law, a claim for intentional infliction of emotional distress requires a plaintiff to show:

> (1) that the [defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it.

Limone v. United States, 579 F.3d 79, 94 (1st Cir. 2009) (alterations in original) (citations omitted).

The standard for proving intentional infliction of emotional distress is "very high." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996).  Even generously construed, none of Plaintiff's allegations reach this demanding standard.  Defendant's employees' calls to NBPD were reasonable in light of Plaintiff's, perhaps vexatious even if not unlawful, conduct at the Store and do not rise to anywhere near the level of extreme and outrageous conduct contemplated by the standard.  The complaint is also devoid of (1) any allegations that Defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of its conduct and (2) any allegations that Plaintiff's emotional distress was so severe as to be unendurable.

Accordingly, Defendant's motion to dismiss the intentional infliction of emotional distress claim is granted.

## C.    Fees and Costs

Defendant asks the Court to impose attorney's fees and costs on Plaintiff, presumably under Fed. R. Civ. P. 54(d) and presumably for the expenses incurred in the preparation of the motion to dismiss.  [ECF No. 9 at 1].  Defendant, however, has not provided a specific amount (or fair estimate) for either fees or costs, as is required.  See Fed. R. Civ. P. 54(d)(2)(B)(iii);

Rogers v. Town of Northborough, 188 F. Supp. 2d 10, 15 (D. Mass. 2002).  Furthermore, the

Court has broad discretion to award costs or fees, see Foss v. Spencer Brewery, No. 18-cv-

40125, 2019 WL 3387298, at *1 (D. Mass. July 26, 2019); Rogers, 188 F. Supp. 2d at 15, and is

not inclined to award them against a *pro se* plaintiff at this early stage of a proceeding.  The

request for costs and attorney's fees shall therefore be DENIED.

## IV.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss, [ECF No. 9], is

GRANTED and the case will be dismissed.  Defendant's request to convert the motion to a

summary judgment motion is DENIED as moot and its motion for attorney's fees and costs is

also DENIED.

**SO ORDERED.**

January 11, 2023                                                    /s/ Allison D. Burroughs
                                                                  ALLISON D. BURROUGHS
                                                                   U.S. DISTRICT JUDGE